IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,        § | |
| § | |
| Plaintiff,   § | |
| § | Civil Action No. 3:09-CV-1144-D |
| VS.        § | |
| § | |
| SANDRA L. REYNOLDS,         § | |
| § | |
| Defendant.   § | |

MEMORANDUM OPINION
AND ORDER

Plaintiff United States of America moves for summary judgment against defendant Sandra L. Reynolds ("Reynolds") in this suit to recover on an unpaid student loan. Reynolds has not responded to the motion. Concluding that the government has established beyond peradventure that it is entitled to recover the relief for which it sues, the court grants the motion.

I

The government sues Reynolds to recover on an unpaid promissory note ("Note") in the principal sum of $53,321.76 that Reynolds executed in 1996 in favor of Key Bank USA ("Key Bank"). The Note secured a Federal Family Education Loan Program ("FFELP") consolidation loan guaranteed by the Pennsylvania Higher Education Assistance Agency ("PHEAA") and reinsured by the Department of Education ("DOE"), pursuant to the Higher Education Act of 1965, 20 U.S.C. §§ 1071 *et seq.* After Reynolds defaulted on the loan in 2000, Key Bank filed a claim with PHEAA. Key Bank then assigned the Note to PHEAA in exchange for a payment of $73,212.76. In

exchange for the assignment of rights and title to the loan, DOE reimbursed PHEAA under the reinsurance agreement. The government is now the holder of the Note. It sues Reynolds to recover the unpaid principal balance plus interest.

The government moves for summary judgment, contending that Reynolds now owes $132,567.59 in principal and interest through December 1, 2009, and the additional sum of $18.03 per day in interest from December 1, 2009 to the date of judgment. The government filed its motion on December 1, 2009. Under N.D. Tex. Civ. R. 7.1(e), Reynolds' response was due December 22, 2009. *See* N.D. Tex. Civ. R. 7.1(e) ("A response and brief to an opposed motion must be filed within 21 days from the date the motion is filed."). Reynolds has not responded to the motion, and it is now ripe for decision.

II

A

To be entitled to summary judgment on a claim on which it will have the burden of proof at trial, a party "must establish 'beyond peradventure all of the essential elements of the claim[.]'" *Bank One, Tex., N.A. v. Prudential Ins. Co. of Am.*, 878 F. Supp. 943, 962 (N.D. Tex. 1995) (Fitzwater, J.) (quoting *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986)). "The court has noted that the 'beyond peradventure' standard is 'heavy.'" *Carolina Cas. Ins. Co. v. Sowell*, 603 F.Supp.2d 914, 923 (N.D. Tex. 2009)

(Fitzwater, C.J.) (quoting *Cont'l Cas. Co. v. St. Paul Fire & Marine Ins. Co.*, 2007 WL 2403656, at *10 (N.D. Tex. Aug. 23, 2007) (Fitzwater, J.)). But "suits on promissory notes provide fit grist for the summary judgment mill." *See FDIC v. Cardinal Oil Well Servicing Co.*, 837 F.2d 1369, 1371 (5th Cir. 1988). "To recover on a promissory note, the government must show (1) the defendant signed it, (2) the government is the present owner or holder, and (3) the note is in default." *United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001) (citing *FDIC v. Selaiden Builders, Inc.*, 973 F.2d 1249, 1254 (5th Cir. 1993)); *see also FSLIC v. Atkinson-Smith Univ. Park Joint Venture*, 729 F. Supp. 1130, 1132 (N.D. Tex. 1989) (Fitzwater, J.) (addressing elements of suit on note).

B

As noted, Reynolds has not responded to the government's motion. Her failure to respond does not, of course, permit the court to enter a "default" summary judgment. The court is permitted, however, to accept the government's evidence as undisputed. *See, e.g., Tutton v. Garland Indep. Sch. Dist.*, 733 F. Supp. 1113, 1117 (N.D. Tex. 1990) (Fitzwater, J.). Moreover, Reynolds' failure to respond means that she has not designated specific facts showing that there is a genuine issue of fact for trial. "A summary judgment nonmovant who does not respond to the motion is relegated to her unsworn pleadings, which do not constitute summary judgment evidence." *Bookman v. Shubzda*, 945 F.

Supp. 999, 1002 (N.D. Tex. 1996) (Fitzwater, J.) (citing *Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991)).

The government has established beyond peradventure that, on each of the three elements of its claim, there is no genuine issue of material fact. The government has introduced undisputed evidence that Reynolds signed the Note in 1996. *See* P. App. 3. It is also undisputed that, although Reynolds originally secured her consolidation loan with Key Bank, the loan was subsequently assigned to PHEAA and then to DOE, making the government the present holder of the Note. *Id.* at 6. Finally, it is undisputed that Reynolds is in default on the Note and has not paid off the balance. *Id.* There is no summary judgment evidence that the Note is for any reason invalid. The government has also proved the amount owed on the Note and the applicable per diem amount of prejudgment interest. *Id.* at 7.[*]

Accordingly, the court holds that the government has established beyond peradventure the essential elements of its claim that it is entitled to judgment as a matter of law against Reynolds on the Note.

---

[*]The affidavit on which the government relies contains a typographical error. *See* P. App. 7. The interest amount of $59,384.38 is shown as "$8,59,384.38." *Id.* Because the leading "8" is obviously a mistake, it does not present a genuine issue of material fact that precludes summary judgment.

\* \* \*

The court grants summary judgment in favor of the government in the amount of $132,567.59, together with prejudgment interest thereon at the per diem rate of $18.03 from December 1, 2009 until the date of judgment.

**SO ORDERED.**

January 8, 2010.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE